THE STATE, DEFENDANT IN ERROR, v. WALTER READE, PLAINTIFF IN ERROR.

Submitted March 23, 1923—Decided June 7, 1923.

1. A house in which habitual violations of the law occur is a disorderly house, notwithstanding the fact that no single violation constitutes a crime, and is only punishable as an act of disorder.

2. The prohibition of the Vice and Immorality act against conducting play houses for gain on the Sabbath day, is general; and one who habitually conducts that business in a given place, in violation of the prohibition, is guilty of the crime of keeping a disorderly house, notwithstanding that he may not be punishable for a single violation thereof.

3. The limitation in the Vice and Immorality act that offences against it must be prosecuted within thirty days after commission, does not apply where the charge is an habitual violation of the law occurring in a particular place. In such case the general limitation of two years, provided in the Criminal Procedure act, applies.

4. An allegation in an indictment that the unlawful act occurred on the Sabbath day is equivalent to stating it occurred on Sunday, as these words have the same meaning among English-speaking Christian nations.

On error to the Monmouth County Court of Oyer and Terminer.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *James D. Carton, William L. Edwards* and *Edmund Wilson.*

For the state, *Charles F. Sexton,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The grand jury of Monmouth county presented an indictment against the plaintiff in error, charging that he did unlawfully keep and maintain a disorderly house at the city of Asbury Park, known as the Savoy

theatre, in that he did there maintain a moving picture exhibition and vaudeville and theatrical performance on the 6th day of June, 1920, that day being the Christian Sabbath and the first day of the week, commonly called Sunday, and on each and every Sabbath day thereafter until the finding of the indictment, and did invite persons on those days to attend such performances, and did charge an admission fee to persons accepting the invitation. To this indictment the defendant demurred, for reasons which will hereafter be dealt with. Upon the hearing which was had on the demurrer, the conclusion of the court was that the demurrer should be overruled; and, no application having thereafter been made on behalf of the defendant for leave to withdraw the demurrer and plead not guilty to the charge laid against him, the trial court directed judgment final to be entered against him. The present writ of error brings up for review the judgment entered in accordance with that conclusion.

The first reason advanced for setting aside this conviction, and the first ground upon which the demurrer was rested, is that the indictment does not charge the defendant with any provable crime against the laws of the State of New Jersey. It is admitted that the acts charged against the defendant constitute violations of our Vice and Immorality act; but the argument is that such illegal acts are not crimes and are only punishable by the infliction of the penalties provided by that statute for violation thereof. This contention is without legal support. The statute referred to provides for the punishment of each violation thereof as an act of disorder. But this fact is immaterial in determining the validity of the indictment. A house in which habitual violations of the law occur is a disorderly house, under our decisions, notwithstanding the fact that no single violation constitutes a crime and is only made punishable as an act of disorder. This principle was declared by our Court of Errors and Appeals in the case of *Meyer* v. *State,* 42 *N. J. L.* 145; and again in *State* v. *Martin,* 77 *Id.* 652. We conclude therefore that the first ground of attack upon the indictment is without merit.

The next ground of attack upon the indictment specified in the demurrer and urged before us as a reason for reversal is that it fails to allege a criminal offence because it does not state that the defendant was of the age of fourteen years at the time of the commission of the acts set out therein. The argument is that a person under the age of fourteen does not come within the condemnation of the Vice and Immorality act, by reason of the proviso of the first section thereof, which declares "that every person being of the age of fourteen years or upwards, offending in the premises, shall for every such offence forfeit and pay, to the use of the poor of the township in which such offence shall be committed, the sum of one dollar." The answer to this contention, as it seems to us, is that, assuming that no person under the specified age can be punished for a single infraction of any provision of the statute, yet the prohibition of the section against engaging in worldly amusements or of conducting play houses for gain on the Sabbath day, is general—that is, the prohibition applies equally to all persons, without regard to the matter of age; and, therefore, a person who carries on a prohibited business in a given place, in habitual violation of the Sunday law, is subject to indictment and punishment for the crime of keeping a disorderly house, although he may not be punishable for a single offence against the statute. This we understand to be the underlying principle upon which the decision in *State* v. *Martin, supra,* is based.

The next ground of demurrer which is argued before us as a reason for setting aside this conviction is that a prosecution by the state for the offence charged against the defendant is barred by section 23 of the Vice and Immorality act, which provides that "no person shall be prosecuted or troubled for any offence against this act, unless the same be proved or prosecuted within thirty days after the offence." It seems clear to us that the statutory provision appealed to has no such scope as is claimed for it. The Vice and Immorality act provides the method of prosecution for any offence *against the act* and points out the tribunals in which the prosecution shall take place, namely, justices of the peace, police record-

ers, &c. Such prosecutions instituted before a specified tribunal must be taken within the time limit fixed by the statute. But where the charge is an habitual violation of the law occurring in a particular place, the offence is not against the act, but is against the common law of the state, which makes such conduct criminal. Where such a charge is laid in an indictment, the general limitation of two years provided by our Criminal Procedure act is the only one which is applicable.

We conclude therefore that this contention is also without merit.

The only other ground of demurrer which has been argued before us as a reason for setting aside the conviction is that the indictment does not specifically charge that these habitual violations of the law occurred on successive first days of the week, commonly called Sunday, and set apart as the Christian Sabbath. The indictment, as has already been pointed out, charges a violation of the statute on the 6th day of June, 1920, alleging that that day was the Christian Sabbath and the first day of the week, commonly called Sunday, and then charges that on each and every Sabbath day from and after the first-mentioned day the violation was continued. It seems to us that the charge is sufficiently distinct, for the reason that the word "Sunday" and the words "Sabbath day" have one and the same meaning among English-speaking Christian nations, and that the one is always a permissible substitute for the other; that is to say, that, even in an indictment an allegation that an act occurred on the Sabbath day is equivalent to a statement that it occurred on Sunday; and, Sunday, under our system, is the first day of the week and the day upon which the acts specified in the Vice and Immorality statute are prohibited.

We conclude therefore that the judgment under review should be affirmed.